UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-81888-CIV-COHN-MATTHEWMAN

RECYCLED PAPER
INTERNATIONAL, LLC,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,
and MARIO D. GERMAN LAW
CENTER, P.A.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 20] ("Motion"). The Court has considered the Motion, Defendant JP Morgan Chase Bank N.A.'s ("Chase") Response [DE 27], Plaintiff's Reply [DE 35], and the record in this case and is otherwise advised in the premises.

### I.   BACKGROUND

The facts of this case are not in dispute. On or about June 12, 2020, Canacha, Inc. ("Canacha"), who is not a party to this action, attempted to transfer $202,221.96 to Plaintiff's Chase bank account. But a hacker accessed Plaintiff's email containing the account details and manipulated it to instruct Canacha to transfer the funds to Huatai USA, LLC, at a Chase account number that is not owned by either Plaintiff or Huatai USA, LLC. Canacha followed the instructions in the hacked email, and Chase processed the transaction on June 15, 2020. Plaintiff has yet to recover any of the fraudulently transferred funds.

Plaintiff initiated this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on September 4, 2020, naming Chase as the sole defendant and asserting a single claim of a violation of Florida Statute § 670.207.[1] Chase timely removed the action to federal court on October 9, 2020, under diversity jurisdiction. Plaintiff filed its First Amended Complaint on October 22, 2020, this time also asserting claims of civil theft, conversion, and negligence against Mario D. German Law Center, P.A. ("German"), a Florida professional corporation and the alleged recipient of the transferred funds. On the same day, Plaintiff moved to remand the case to state court, arguing that the joinder of German destroyed diversity.

## II.     LEGAL STANDARD

Provided the requirements of original jurisdiction are satisfied, a defendant may remove a case from state court to federal court. 28 U.S.C. § 1441(a). The case must be remanded back to state court, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Id. § 1447(c). Rule 15(a) of the Federal Rules of Civil Procedure allows plaintiffs to amend a complaint once as a matter of right as long as no answer has been filed, and in all other circumstances with leave of court. Fed. R. Civ. Proc. 15(a)(1). The Rule specifies that leave to amend should be freely given "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). However, "a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the

---

[1] Florida Statute § 670.207 is a portion of the Uniform Commercial Code governing the description of beneficiaries in funds transfers.

2

federal forum." Dever v. Family Dollar Stores of Georgia, LLC, 755 F. App'x 866, 868 (11th Cir. 2018).  In determining whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.  Id.

### III.  DISCUSSION

Plaintiff asserts that this balancing of equities weighs in its favor and the action should be remanded to state court.  Chase takes the opposite position, arguing that the Court should deny German's joinder and retain jurisdiction over this action.  Applying the Dever factors, the Court finds that the joinder should be permitted and the case should be remanded to state court.

First, the Court finds that Plaintiff did not amend the Complaint for the purpose of destroying diversity.  The undisputed facts show that Plaintiff was pursuing its civil theft claim against German even before it filed suit against Chase.  Any party asserting a civil theft claim under Florida law is required by statute to send a written demand to the opposing party and then wait 30 days before filing suit.  Fla Stat. § 772.11.  Accordingly, Plaintiff delivered a demand letter to German on September 2, 2020, two days before it initiated this action against Chase.  And while it is true that Plaintiff might have either waited for the expiration of the cure period before initiating this action or asserted its other two claims against German in the initial Complaint, the fact that Plaintiff did not do either of those things does not show that the joinder of German now is a mere ploy to

3

destroy diversity.  In fact, Plaintiff asserts, and Chase does not refute, that Plaintiff informed Chase of its intention to join German before Chase removed the matter.  The Court therefore concludes that the first factor weighs in favor of remand.

The Court also finds that Plaintiff has not been dilatory in amending the Complaint.  Plaintiff sent the demand letter to German on September 2, 2020, and the cure period ended on October 3, 2020.  Plaintiff moved to amend the Complaint on October 12, 2020, and filed the First Amended Complaint on October 22, 2020.[2]  Only one week elapsed after the cure period ended before Plaintiff sought leave to amend the Complaint, and only two additional weeks elapsed before Plaintiff filed the First Amended Complaint.  These are not unreasonable delays.  The second factor therefore also weighs in favor of remand.

Next, the Court finds that Plaintiff would be prejudiced if the case were not remanded.  Plaintiff has already taken steps to recover damages from German, so this is not one of those cases where it seems unlikely that a plaintiff would seriously pursue its claims against a nondiverse defendant.  And given that Plaintiff may potentially recover treble damages against German, but not against Chase, this is also not a case where a plaintiff can be fully satisfied by the diverse defendant alone.  To require Plaintiff to maintain two separate actions in two separate courts would not only put additional strain upon Plaintiff's resources, but it would undermine the exercise of judicial economy.   The third factor therefore also weighs in favor of remand.

---

[2] Plaintiff withdrew its Motion for Leave to Amend Complaint, see DE 19, and, since Chase had not yet answered the initial Complaint, subsequently filed the First Amended Complaint pursuant to Rule 15(a)(1).

4

Finally, the Court finds that other factors bearing on the equities also support granting Plaintiff's Motion.  First, the case is still in the early stages of litigation, so remanding it would cause no unreasonable delay.  And second, Plaintiff stated in its Reply that it intends to assert a civil theft claim against an additional defendant: a Florida resident who is allegedly responsible for the hacked email and whose identity Plaintiff has just learned.[3]  And although Chase argues that the pendency of its yet-unripe Motion to Dismiss supports denying the Motion, the Court disagrees.  In the first instance, Chase's argument relies upon accepting that the Motion to Dismiss is likely to succeed, and it would be inappropriate for the Court to prematurely evaluate the merits of the Motion to Dismiss.  But also, Plaintiff has stated its intention of asserting an additional negligence claim against Chase based on newly-discovered information.  The pendency of the Motion to Dismiss is therefore irrelevant to this proceeding.

The Court concludes that the Dever factors weigh strongly in favor of remanding this case to state court.

## IV. CONCLUSION

It is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 20] is **GRANTED**.
2. The case is hereby **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County.

---

[3] Plaintiff has already presented a written demand to this individual and is waiting for the cure period to expire.

3. The Clerk of Court is hereby directed to forward a certified copy of this Order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, re Case No. 50-2020-CA-009558-AF.

4. The Clerk of Court is directed to **CLOSE** the case and **DENY** all other pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 16th day of December, 2020.

JAMES I. COHN
United States District Judge

Copy Provided:
Magistrate Judge William Matthewman
all counsel of record